IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRY G. STEELE,

     Plaintiff,                   No. CIV S-05-1874 LKK DAD P

    vs.

MARK McMAHON, et al.,

     Defendants.           ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief for alleged civil rights violations under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

       Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted. Federal law requires, however, that plaintiff pay the statutory filing fee in installments when funds are available. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). When funds are available, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited

1

to his prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's prison trust account exceeds $10.00, until the filing fee of $250.00 is paid in full. See 28 U.S.C. § 1915(b)(2).

Federal courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such an entity. See 28 U.S.C. § 1915A(a). In this action, the prisoner plaintiff has sued the California Highway Patrol, which is a governmental entity, and one employee of that entity. Plaintiff seeks general damages, compensatory damages, exemplary damages, and punitive damages from each defendant. Accordingly, the court is required to screen plaintiff's complaint.

The court must dismiss a complaint or any part of it that raises a claim that is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A claim should be dismissed as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

The Eleventh Amendment to the United States Constitution serves as a jurisdictional bar to suits for damages brought by private parties against a state or a state agency, unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Neither the State of California nor the California Highway Patrol has consented to suits for damages. The California Highway Patrol is therefore immune from the relief plaintiff seeks. Plaintiff's claims against the governmental entity lack an arguable legal basis and must be dismissed. By separate order, the undersigned will recommend that the district judge assigned to the case dismiss plaintiff's claims against the California Highway Patrol.

1  Plaintiff's complaint appears to state cognizable claims for relief against Officer
2  Mark McMahon pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of
3  the complaint are proven as to this defendant, plaintiff has a reasonable opportunity to prevail on
4  the merits of this action.

5  In accordance with the above, IT IS HEREBY ORDERED that:

6  1. Plaintiff's September 19, 2005 application to proceed in forma pauperis is
7  granted.

8  2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
9  The fee shall be collected and paid in accordance with this court's order to the Director of the
10 California Department of Corrections filed concurrently herewith.

11 3. Service of the complaint is appropriate for the following defendant: Officer
12 Mark McMahon.

13 4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons,
14 an instruction sheet, and a copy of the complaint filed September 19, 2005.

15 5. Within thirty days from the date of this order, plaintiff shall complete the
16 attached Notice of Submission of Documents and shall submit all of the following documents to
17 the court at the same time:

18  a. The completed, signed Notice of Submission of Documents;
19  b. One completed summons form;
20  c. One completed USM-285 form for defendant Officer Mark McMahon;
21  and
22  d. Two complete copies of the endorsed complaint filed September 19,
23  2005.

24 /////
25 /////
26 /////

1        6. Plaintiff shall not attempt service of the complaint and summons on defendant
2 McMahon or request a waiver of service of summons. Upon receipt of the above-described
3 documents, the court will direct the United States Marshal to serve defendant McMahon pursuant
4 to Federal Rule of Civil Procedure 4 without payment of costs.
5 DATED: September 29, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8 DAD:13
stee1874.1a

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRY G. STEELE,

      Plaintiff,                      No. CIV S-05-1874 LKK DAD P

    vs.

MARK McMAHON, et al.,         NOTICE OF SUBMISSION

      Defendants.            OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ <u>one</u> completed summons form;

      _____ <u>one</u> completed USM-285 form; and

      _____ <u>two</u> true and exact copies of the complaint filed September 19, 2005.

DATED: _____.

                                                _____

                                                Plaintiff