IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRY G. STEELE,

      Plaintiff,                    No. CIV S-05-1874 DAD P

  vs.

MARK McMAHON, et al.,

      Defendants.           ORDER

_____/

        Plaintiff has moved to compel defendant McMahon to produce documents in response to Nos. 2, 3, 4, 5, and 7 of plaintiff's request for production of documents dated March 11, 2006. Plaintiff contends that documents showing past mistreatment of citizens by defendant are relevant to plaintiff's claim of excessive force. Plaintiff concedes that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith, but he argues that evidence of prior incidents might lead to the discovery of evidence admissible for other purposes.

        In opposition to plaintiff's motion, defendant makes the following points: plaintiff's claims arise from injuries allegedly suffered on September 11, 2004, when he resisted arrest for driving under the influence of alcohol with a suspended license; plaintiff was subsequently convicted of felony DUI and the felony of eluding a pursuing peace officer while

1

driving in a willful or wanton disregard for the safety of persons or property; defendant McMahon is the only defendant in this action; neither the State of California nor the Department of the Highway Patrol is a party to this action; all documents at issue are in the custody or control of the California Highway Patrol and can be obtained from these non-parties only by subpoena; in Nos. 2, 3, and 4, plaintiff requests broad categories of training and disciplinary procedures of the California Highway Patrol that are not reasonably calculated to lead to the discovery of admissible evidence relevant to plaintiff's claim that defendant unreasonably used his baton in the course of arresting an intoxicated felony suspect; in Nos. 5 and 7, plaintiff requests documents involving third parties held by non-party California Highway Patrol and protected from disclosure by the official information privilege and by the rights of privacy of defendant and third parties.  Defendant cites relevant authorities and provides copies of the discovery requests and responses.  Defendant offers the declarations of Susan Tinsley, official custodian of records of the California Highway Patrol, and Jonathan Rothman, general counsel of the California Highway Patrol.  Plaintiff did not file a reply to defendant's opposition.

The court finds that the documents requested are not in defendant's possession, custody or control.  See Fed. R. Civ. P. 34(a).  In addition, the court sustains defendant's objection that the requests at issue are overly broad and without reasonable limitation in scope.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 17, 2006 motion to compel is denied.

DATED: October 23, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
stee1874.mtc